UNITED STATES DISTRIST COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WALTER CAPEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COMENITY BANK, ) <br> ) <br> Defendant ) | Case No.: 3:15-cv—01005-TJC-JBT |

## AMENDED COMPLAINT

Plaintiff, Walter Capen, on behalf of himself ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Comenity Bank ("Defendant") pursuant to this Amended Complaint, and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. §559, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

### PARTIES

1

4. Plaintiff is a natural person, who at all relevant times has resided in the in the city of Dunedin, Pinellas County, state of Florida, and is a "consumer" as defined by the FCCPA.

5. Defendant is a Delaware corporation doing business in the State of Florida and is a "person" as defined by the FCCPA.

## FACTUAL STATEMENT

6. In early January of 2015, Plaintiff began receiving numerous automated telephone calls from Defendant.

7. On or about February 10, 2015, Plaintiff called Defendant and asked that Defendant cease all telephonic communication in general, and more specifically, to Plaintiff's cellular phone. Plaintiff further communicated that he had attempted to come to an arrangement with Defendant, but could not come to an agreement. Finally, Plaintiff advised he would pay the debt when he could come up with the funds.

8. The February 10, 2015 phone call between Plaintiff and Defendant placed Defendant on effective notice that future phone calls would be inconvenient and bothersome to Plaintiff.

9. Defendant disregarded Plaintiff's request and continued to place numerous calls to Plaintiff's cellular telephone. At a minimum, Defendant has placed no less than twelve (12) calls to Plaintiff after the oral request for cessation of telephonic communications was conveyed on February 10, 2015. The non-exhaustive list of phone calls made by Defendant to Plaintiff after February 10, 2015 is as follows:

   a. March 17, 2015 at 9:35am.

   b. March 17, 2015 at 10:12am.

   c. March 17, 2015 at 11:05am.

  d. March 17, 2015 at 12:40pm.

  e. March 17, 2015 at 1:07pm.

  f. March 17, 2015 at 5:04pm.

  g. March 17, 2015 at 5:30pm.

  h. March 17, 2015 at 6:36pm.

  i. March 17, 2015 at 7:02pm.

  j. March 17, 2015 at 8:03pm.

  k. March 17, 2015 at 8:46pm.

  l. March 18, 2015 at 8:14am.

10. On or about March 18, 2015, with no end to the phone calls in sight, Plaintiff faxed a written cease and desist letter to Defendant. The letter contained a request for cessation of telephonic communications from Defendant, while advising that Plaintiff had already attempted to set up a payment arrangement with Defendant in the past, but was unsuccessful.

11. All phone calls from Defendant to Plaintiff were placed utilizing an automated dialer system.

12. All phone calls from Defendant to Plaintiff were placed to Plaintiff's cellular device.

13. All phone calls from Defendant were placed in furtherance of the collection of an alleged debt due and owing.

14. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilizes an automated dialer system or that contain pre-recorded messages.

15. All telephone calls placed by Defendant to Plaintiff after February 10, 2015 were done after Plaintiff had expressly advised that he wished for all telephonic communications to cease.

16. All telephone calls placed after March 18, 2015 were done so after Plaintiff had provided a written request for cessation of all telephonic communications to Defendant.

**COUNT I**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §227, *et seq.***

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 above and incorporates them as if set forth specifically herein.

18. In early January of 2015, Plaintiff began receiving numerous automated telephone calls from Defendant.

19. On or about February 10, 2015, Plaintiff called Defendant and asked that Defendant cease all telephonic communication in general, and more specifically, to Plaintiff's cellular phone.

20. Defendant disregarded Plaintiff's request and continued to place numerous phone calls to Plaintiff's cellular telephone. At a minimum, Defendant has placed no less than twelve (12) phone calls to Plaintiff after the oral request for cessation of telephonic communications was conveyed on February 10, 2015.

21. All phone calls from Defendant to Plaintiff were placed utilizing an automated dialer system.

22. All phone calls from Defendant were placed to Plaintiff's cellular device.

23. All phone calls from Defendant to Plaintiff were placed in furtherance of the collection of an alleged debt due and owing.

24. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

25. Defendant's actions are in violation of 47 U.S.C. §227(b)(1)(A) and (B).

26. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Walter Capen, requests that this Court enter judgment against Defendant, Comenity Bank, and in favor of Plaintiff as follows:

A. Declaring Defendant's actions, as described above, in violation of the TCPA;

B. Granting Plaintiff actual damages against Defendant for violations of 47 USC §227(b)(3)(B);

C. Granting Plaintiff statutory damages against Defendant for violations of 47 USC §227(b)(3)(B);

D. Granting Plaintiff costs and reasonable attorneys' fees for eight (8) willful violations of 47 USC §227(b)(3)(B); and

E. Granting such other and further relief as may be just and proper

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
## FLA. STAT. §559, *et seq.*

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 above and incorporates them as if set forth specifically herein.

28. In early January of 2015, Plaintiff began receiving numerous automated telephone calls from Defendant.

29. On or about February 10, 2015, Plaintiff called Defendant and asked that Defendant cease all telephonic communication in general, and more specifically, to Plaintiff's

cellular phone. Plaintiff further communicated that he had attempted to come to an arrangement with Defendant, but could not come to an agreement. Finally, Plaintiff advised he would pay the debt when he could come up with the funds.

30. The February 10, 2015 call from Plaintiff to Defendant placed Defendant on effective notice that future phone calls would be inconvenient and bothersome to Plaintiff.

31. Defendant disregarded Plaintiff's request and continued to place numerous calls to Plaintiff's cellular phone. At a minimum, Defendant has placed no less than twelve (12) calls to Plaintiff after the oral request for cessation of telephonic communications was conveyed on February 10, 2015.

32. Defendant's actions are in violation of Fla. Stat. §559.77(2).

33. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Walter Capen, requests that this Court enter judgment against Defendant, Comenity Bank, and on in favor of Plaintiff as follows:

A. Declaring Defendant's actions, as described above, in violation of the FCCPA;

B. Granting Plaintiff actual damages pursuant Fla. Stat. §559.77(2);

C. Granting Plaintiff statutory damages pursuant to Fla. Stat. §559.77(2);

D. Granting Plaintiff costs and reasonable attorneys' fees pursuant Fla. Stat. §559.77(2); and

E. Granting such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

34. Plaintiff demands a trial by jury on all issues so triable.

Dated: August 24, 2015

                                                        Respectfully Submitted,

                                                        /s/ Jason S. Weiss
                                                        Jason S. Weiss
                                                        Weiss Law Group, P.A.
                                                        Florida Bar No. 356890
                                                        5531 N. University Drive, Suite 103
                                                        Coral Springs, FL 33067
                                                        Telephone: 954-573-2800
                                                        Email: Jason@jswlawyer.com